154 So.2d 757

**R. L. CASTILLE**

v.

**STATE.**

**2 Div. 88.**

Court of Appeals of Alabama.

April 23, 1963.

Rehearing Denied June 4, 1963.

R. L. Castille, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This court is of the opinion that the occurrences in this case in the court below can be most accurately summarized by quoting the opinion of the trial judge, which is as follows:

"This petition for writ of error Coram Nobis heretofore filed by the

Petitioner, R. L. Castille and the motion to dismiss filed by the Solicitor of this Circuit came on for hearing this day. Said petitioner was convicted in this Court by a jury at the Spring Term, 1962, for the offense of Selling, Removing or Concealing Personal Property Covered by a Lien, Title 14, Section 363 of the Code of Alabama, and given a sentence of five years in the State Penitentiary.

"Said Petitioner was first brought for hearing on this Writ before this Court on the 22nd day of October, 1962, but at his request because he stated he needed witnesses who were not at that time present in Court, the Court continued this matter to this day. His attorney, Hon. L. M. Lowrey, Jr. was present also at that time.

"The Petitioner, being present this day in his own proper person and his attorney, Hon. L. M. Lowrey, Jr. being also present and a number of witnesses he had had summoned also being present, the Court proceeded to hear said matter. Said Mr. Lowrey was the same attorney who had been appointed by the Court to defend said Petitioner on the original trial in this cause and the Court had continued his said appointment to represent him on this proceeding.

"On this hearing, as on the original trial of this cause at the Spring Term, 1962, of this Court, Petitioner made no pretense of denying his guilt to this said charge, but only contended that he was insane and incapable of committing a crime and the Court erred, as stated in his petition in this cause. He had subpoened a number of witnesses who were present in Court this day and who were sworn, including three convicts from the State of Alabama Department of Corrections and Institutions as well as his mother and father, however, he declined to call any of these persons as witnesses

on this hearing. He placed his sister upon the witness stand and her testimony in substance was that she had not seen him for the last five years, but before that he was in trouble from time to time, had married four or five times and had an illness when a child.

"He demanded an entire transcript of the testimony on the original trial, but there being no provision of law in Alabama for such on a writ of this nature the Court declined to have him furnished this, however, the Court offered to have read for him the entire testimony or any part thereof he desired at this hearing, but Petitioner declined to have this done. A complete transcript of the record proper had been furnished him several months before this hearing. Petitioner had contended that he wanted the records as to his mental condition from the State Hospital for the Insane of Mississippi. A letter from said Hospital was introduced on the hearing today, which letter is hereto subjoined and made a part hereof. He also contended that his medical records from the United States Army should be produced and that he had attempted to obtain them without success. One of his contentions was that he had been kept incommunicado from attorneys while confined in jail awaiting trial, however, on cross-examination by the Solicitor he admitted that several days prior to his trial he had conferred there in jail with two different Linden attorneys who were there at his request, one of whom was his present attorney, Mr. Lowrey. The Sheriff of this County also testified that he was not kept in incommunicado from his attorneys or from anyone else.

"After carefully considering the entire matter the Court finds that Petitioner is not insane, but on the contrary a very shrewd and clever person. The Court further finds that Petitioner's many other contentions, both written

**125**

and oral, are utterly baseless and lacking in truth. It is therefore the order, judgment and decree of this Court that said cause be and the same is hereby denied and dismissed.

"Done this the 3rd day of December, 1962.

"E. F. Hildreth
Judge, 17th Judicial
Circuit of Alabama"

After careful review of the findings of the trial judge in the lower court, we find no error therein and it is, therefore, ordered, adjudged and declared that said cause be and the same is hereby

Affirmed.